IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PHIL LABOON and EYEFLOW INTERNET MARKETING LLC, | |
| *Plaintiffs,* | |
| | C.A. No. 2:25-1548-MJH |
| v. | |
| SERVICE CONCIERGE LLC, P50 DIGITAL LLC, CEM OSMA, JENNA DONEGAN, and SHANELL NESBIT, | |
| *Defendants.* | |

## DEFENDANT SHANELL NESBIT'S BRIEF IN SUPPORT OF MOTION TO DISMISS

John D. Simmons (PA ID 202405)
Dennis J. Butler (PA ID 91564)
Ava Lutz (PA ID 332553)
PANITCH SCHWARZE BELISARIO & NADEL LLP
Delaware Corporate Center
1 Righter Parkway, Suite 220
Wilmington, DE 19803
Telephone: (302) 394-6006
Facsimile: (215) 965-1331
jsimmons@panitchlaw.com
dbutler@panitchlaw.com
alutz@panitchlaw.com

*Attorneys for Defendants Service Concierge LLC, P50 Digital LLC, Cem Osma, Jenna Donegan, and Shanell Nesbit*

Dated: January 13, 2026

## <u>TABLE OF CONTENTS</u>

TABLE OF CITATIONS ................................................................................................... ii

I.     PROCEDURAL HISTORY OF THE CASE .................................................... 1

II.    STATEMENT OF FACTS ................................................................................ 3

III.   ARGUMENT ................................................................................................... 6

       A.     Legal Standard ..................................................................................... 6

       B.     Plaintiffs Have Failed to Establish that this Court Can Exercise General
              Personal Jurisdiction Over Nesbit.......................................................... 8

       C.     Plaintiffs Have Failed to Establish that this Court Can Exercise Specific
              Personal Jurisdiction Over Nesbit.......................................................... 8

IV.    CONCLUSION................................................................................................ 11

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Asahi Metal Indus. Co., Ltd. v. Superior Court of California*,
    480 U.S. 102 (1987)..................................................................................................................9

*Burger King Corp. v. Rudzewicz*,
    471 U.S. 462 (1985)............................................................................................................6, 10

*Ford Motor Co. v. Mont. Eighth Judicial Dist. Court*,
    592 U.S. 351 (2021)..................................................................................................................7

*Int'l Shoe Co. v. Washington*,
    326 U.S. 310 (1945)..................................................................................................................6

*King v. Allegheny County Sheriff's Office*,
    No. 2:19-cv-00992, 2020 U.S. Dist. LEXIS 185999 (W.D. Pa. 2020)....................................7

*Marten v. Godwin*,
    499 F.3d 290 (3d Cir. 2007)....................................................................................................7

*O'Connor v. Sandy Lane Hotel Co.*,
    496 F.3d 312 (3d Cir. 2007)..........................................................................................7, 8, 10

*Time Share Vacation Club v. Atlantic Resorts, Ltd.*,
    735 F.2d 61 (3d Cir. 1984)......................................................................................................6

*Toys "R" Us, Inc. v. Step Two, S.A.*,
    318 F.3d 446 (3d Cir. 2003)....................................................................................................9

*Vetrotex Certainteed Corp. v. Consol. Fiber Glass Prod. Co.*,
    75 F.3d 147 (3d Cir. 1996)......................................................................................................6

**Statutes**

18 U.S.C. § 1030........................................................................................................................1

42 Pa. Con. Stat. § 5322(b)........................................................................................................6

**Other Authorities**

Fed. R. Civ. P. 4(e) ....................................................................................................................6

Fed. R. Civ. P. 12(b)(2)..................................................................................................1, 2, 6, 11

Defendant Shanell Nesbit ("Nesbit" or "Defendant"), pursuant to Federal Rule of Civil Procedure 12(b)(2), submits the following brief in support of Defendant Shanell Nesbit's Motion to Dismiss for Lack of Personal Jurisdiction (the "Motion").

## I.    PROCEDURAL HISTORY OF THE CASE

On October 6, 2025, Plaintiffs Phil Laboon ("Laboon") and Eyeflow Internet Marketing LLC ("Eyeflow") (collectively, "Plaintiffs") filed a Complaint against Defendants Service Concierge LLC ("Service Concierge"), P50 Digital LLC ("P50"), Cem Osma ("Osma"), Jenna Donegan, and Shanell Nesbit (collectively, the "Defendants"). (ECF No. 1). Plaintiffs assert nine causes of action, the following five of which are asserted against Nesbit: violation of the Defend Trade Secrets Act against all Defendants (Count III); violation of the Pennsylvania Uniform Trade Secrets Act against all Defendants (Count IV); violation of the Computer Fraud and Abuse Act against all Defendants (18 U.S.C. § 1030) (Count V); unjust enrichment against all Defendants (Count VI); and conversion against all Defendants (Count IX).[1] (ECF No. 1).

Osma was served on November 5, 2025, P50 was served on October 30, 2025, and Service Concierge was served on October 29, 2025. (ECF No. 5). A Joint Stipulation/Consent to Extend Time for Defendants to Respond to Plaintiffs' Complaint was filed on November 19, stipulating/consenting to an extension to answer or otherwise respond to the Complaint to November 26, 2025. (ECF No. 11). Defendants Service Concierge, P50, and Osma filed a Motion to Dismiss and a Brief in Support of the Motion to Dismiss for Lack of Personal Jurisdiction

---

[1] Plaintiffs also asserted: breach of fiduciary duty against Osma (Count I); breach of contract against Service Concierge, P50, and Osma (Count II); tortious interference with prospective contractual relations against Service Concierge, P50, and Osma (Count VII); and unfair competition (Count VIII) against Service Concierge, P50, and Osma. (ECF No. 1).

pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure on November 12, 2025. (ECF Nos. 12 and 13).

Defendant Jenna Donegan was served on November 28, 2025. (ECF No. 14). Jenna Donegan filed a Motion to Dismiss for Lack of Personal Jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure and a Brief in Support of the Motion to Dismiss on December 19, 2025. (ECF Nos. 22-24).

Plaintiffs filed a Motion for Alternative Service as to Defendant Shanell Nesbit (ECF No. 15), which was denied on December 17, 2025. (ECF No. 17). Plaintiffs filed a revised Motion for Alternative Service on December 18, 2025. (ECF No. 18). On December 22, 2025, the Court granted Plaintiff's Motion for Alternative Service. (ECF No. 25). On December 23, 2025, Plaintiffs filed Proof of Alternative Service as to Shanell Nesbit. (ECF No. 27). Plaintiffs state that they completed alternative service upon Nesbit on December 23, 2025. (ECF No. 27). Plaintiffs state that service was effected via electronic mail on Nesbit and Defendants' Counsel, as well as by certified mail and first-class mail to Defendant's purported last known address, 553 Norman Street, Pittsburgh, PA 15214. (ECF No. 27 at 2). This is not Nesbit's last known address; Nesbit has never resided in Pennsylvania. (Declaration of Shanell Nesbit, ¶ 2, attached hereto as Exhibit 1).

For similar reasons set forth in Defendants Service Concierge, P50, and Osma's Motion to Dismiss and Defendant Jenna Donegan's Motion to Dismiss for lack of personal jurisdiction, Nesbit moves to dismiss the claims asserted against her pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, as this Court lacks personal jurisdiction over her.[2]

---

[2] This Motion to Dismiss and accompanying memorandum largely mirror the Motion to Dismiss for Lack of Personal Jurisdiction and supporting brief filed by Defendants Service Concierge LLC, P50 Digital LLC, and Cem Osma as well the Motion to Dismiss for Lack of Personal Jurisdiction and supporting brief filed by Defendant Jenna Donegan. (ECF Nos. 12-13, and 22-24).

## II.  **STATEMENT OF FACTS**

According to the Complaint, Plaintiffs ran a business producing leads for T-Mobile sub-affiliates and sales leads through partnerships with call centers.[3] (ECF No. 1, ¶ 12). It is alleged that the Plaintiffs, P50, and Osma formed Service Concierge. (*Id.*, ¶ 17). Attached to Plaintiffs' Complaint is the executed Operating Agreement for Service Concierge LLC ("Operating Agreement") entered in early August, 2024 by P50 and Eyeflow. (ECF No. 1 and 2). Per the Operating Agreement, Service Concierge was formed as a "Limited Liability Company (LLC) under the laws of the state of Delaware" with a principal office in "Newark, Delaware." (*Id.* at 1). Governing law for the Operating Agreement "shall be governed by and construed in accordance with the laws of the state of Delaware." (*Id.* at 3).

Plaintiffs aver that Osma "used strong arm tactics to convince Plaintiffs to end their partnership and grant Osma and P50 control of the company." (*Id.*, ¶ 18). It is alleged that Defendants[4] refused to share critical business data and proposed dissolving the partnership. (*Id.*, ¶ 19). According to the Complaint, on October 21, 2024, Eyeflow and P50 executed a dissolution agreement under which: "Defendants Osma and P50 assumed business operations" and "Plaintiffs retained ownership of their proprietary technology stack, leads, marketing funnels, and automations." (*Id.*). Plaintiffs further aver that Defendants breached this agreement by failing to make required payments, withholding commissions, failing to provide complete financial

---

[3] For purposes of this brief in support of the Motion, Nesbit summarizes the allegations asserted in Plaintiffs' Complaint without admitting their truth.

[4] In the Complaint, Plaintiffs define "Defendants" collectively to include Service Concierge LLC, P50 Digital LLC, Cem Osma, Jenna Donegan, and Shanell Nesbit. (ECF No. 1 at 1). For purposes of this Brief and the accompanying Motion, Nesbit, the moving party, understands any use by Plaintiffs of the term "Defendants," when not accompanied by a specific name, to refer to all five individuals and entities identified in the Complaint. Accordingly, Nesbit's use of "Defendants" in the Statement of Facts in this memorandum is intended to mirror Plaintiffs' terminology and should be construed as referencing all five named defendants.

information, and fraudulently inducing Plaintiffs to dissolve the business by misrepresenting information. (*Id.*, ¶ 20).

Further, Plaintiffs allege:

> Defendants Osma and P50 compelled Plaintiffs to grant administrative access to business accounts under duress to 'verify sales numbers.' Rather than verify sales numbers Defendants Osma and P50 with the assistance of defendants Nesbit and Donegan downloaded Plaintiffs' entire T-Mobile lead database that contained leads far exceeding the scope of their relationship that were never owned by Service Concierge, LLC.

(ECF No. 1, ¶¶ 21-22).

Plaintiffs claim the leads that were stolen from business ventures unassociated with Service Concierge and that the total cost of the leads approaches two million dollars. (*Id.*, ¶ 22). It is alleged that Osma and P50, with the assistance of Jenna Donegan and Shanell Nesbit, replicated "Plaintiffs' proprietary digital marketing funnel, technology stack, SMS automations, and website design and extended unauthorized access to third parties." (*Id.*, ¶ 23). The "dissolution agreement" referred to in the Complaint is attached to the Complaint and is titled "Buyout Agreement." (ECF No. 1-3). Per the Buyout Agreement, dated October 18, 2024, Defendant P50 purchased full ownership of Defendant Service Concierge from Plaintiff Eyeflow. (*Id.*; ECF No. 13-1, ¶¶ 3-4). The Buyout Agreement is "governed by the laws of the State of Delaware." (ECF No. 1-3 at 2).

Defendants Osma, P50, and Service Concierge have no business operations or employees anywhere in the Commonwealth of Pennsylvania, and do not own any property in Pennsylvania. (ECF No. 13-1, ¶ 5). Defendants Osma, P50, and Service Concierge and their employees, including Nesbit, have never travelled to the Commonwealth of Pennsylvania for any business purpose. (ECF No. 13-1, ¶ 6; ECF No. 24-1, ¶¶ 2-3; Declaration of Shanell Nesbit, ¶ 2-3, attached hereto as Exhibit 1). The only contacts Osma, P50, and Service Concierge have with Pennsylvania involve communications with the Plaintiffs in Pennsylvania related to the approximately three-

month joint venture between Defendant P50 and Plaintiff Eyeflow. (ECF No. 13-1, ¶¶ 4-7; ECF Nos. 1-2 and 1-3). Nesbit was merely an independent contractor of Defendant, Service Concierge and only handled inbound sales calls for home internet and cell phone service, such that Nesbit did not have access to confidential information. (Declaration of Shanell Nesbit, Ex. 1, ¶¶ 4-8).

In their Complaint, Plaintiffs allege that "[p]ersonal jurisdiction is proper to each party" because "Defendants' activities were aimed at obtaining Plaintiffs' confidential information located in the Western District of Pennsylvania." (ECF No. 1, ¶ 10). Plaintiffs further allege that they have "felt the brunt of Defendants' actions in the Western District, and Defendants knew and intended that Plaintiff would suffer such harm and injury in the Western District of Pennsylvania." (*Id*.) Plaintiffs conclude by claiming that, "[t]he causes of action arise from and relate to Defendants' actions directed at Pennsylvania." (*Id*.).

Plaintiffs further allege, "Defendants carried out a successful scheme to gain access to Plaintiff's confidential information and trade secrets located in Pennsylvania and misappropriated that information in order to illegally divert business from Plaintiff to themselves." (*Id.*, ¶ 11).

Plaintiffs allege Nesbit is a resident of Arizona. (ECF No. 1, ¶ 7). Nesbit was an independent contractor for Service Concierge. (Ex. 1, ¶ 5). As an independent contractor for Service Concierge, Nesbit only handled inbound sales calls for home internet services and did not have access to the T-Mobile lead database. (*Id.*, ¶¶ 5 and 6). Accordingly, Nesbit did not have access to or the ability to download or assist in "download[ing] Plaintiffs' entire T-Mobile lead database…" as alleged by the Plaintiffs in paragraph twenty-two of the Complaint. (ECF No. 1, ¶ 22; Ex. 1, ¶ 5). Nesbit never had access to the entire T-Mobile lead database nor does she currently have any access to any T-Mobile lead database. (Ex. 1, ¶ 7 and 8).

III.    **ARGUMENT**

Even accepting all well-pleaded allegations as true and drawing all reasonable inferences in Plaintiffs' favor, Plaintiffs have not met their burden to establish that this Court may exercise personal jurisdiction over Nesbit for the claims asserted against her.  Accordingly, all claims against Nesbit (Counts III-VI and IX) must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(2).

A.    **Legal Standard**

"Rule 4(e) of the Federal Rules of Civil Procedure permits a district court to assert personal jurisdiction over a nonresident to the extent allowed under the law of the state where the district court sits." *Time Share Vacation Club v. Atlantic Resorts, Ltd.*, 735 F.2d 61, 63 (3d Cir. 1984). The Pennsylvania long-arm statute provides for jurisdiction "based on the most minimum contact with the Commonwealth allowed under the Constitution of the United States." 42 Pa. Con. Stat. § 5322(b); *see also Vetrotex Certainteed Corp. v. Consol. Fiber Glass Prod. Co.*, 75 F.3d 147, 150 (3d Cir. 1996) ("Pennsylvania's long-arm statute provides that its reach is coextensive with the limits placed on the states by the federal Constitution.").

"The Due Process Clause protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful 'contacts, ties, or relations.'" *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471-72, (1985) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 319 (1945)). Due process requires that a defendant have sufficient "minimum contacts with the [forum state] such that maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945) (internal quotation marks and citations omitted). These principles led to two kinds of personal jurisdiction a court may assert over a defendant, including (1) general jurisdiction and

(2) specific jurisdiction. *Ford Motor Co. v. Mont. Eighth Judicial Dist. Court*, 592 U.S. 351, 358 (2021).

### 1.    General Personal Jurisdiction

"[T]o assert general jurisdiction in Pennsylvania over an individual, a plaintiff bears the burden of proving the individual's presence or domicile in the Commonwealth at the time of service, or the individual's consent to suit." *King v. Allegheny County Sheriff's Office*, No. 2:19-cv-00992, 2020 U.S. Dist. LEXIS 185999, at *7 (W.D. Pa. 2020) (quoting Agri-Mktg., Inc. v. ProTerra Sols., LLC, No. 5:17-cv-00627, 2018 U.S. Dist. LEXIS 47792, at *13 (E.D. Pa. 2018)).

### 2.    Specific Personal Jurisdiction

The traditional test for specific jurisdiction focuses on a defendant's "minimum contacts" with the forum state. *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 317 (3d Cir. 2007). "Specific jurisdiction exists when the claim arises from or relates to conduct purposely directed at the forum state." *Marten v. Godwin*, 499 F.3d 290, 296 (3d Cir. 2007). The Third Circuit has explained the test for personal jurisdiction consists of a three-part analysis:

> First, the defendant must have purposefully directed its activities at the forum. Second, the litigation must arise out of or relate to at least one of those activities. And third, if the prior two requirements are met, a court may consider whether the exercise of jurisdiction otherwise comports with fair play and substantial justice.

*O'Connor*, 496 F.3d at 317 (internal citations and quotations omitted). For specific jurisdiction, "what is necessary is a deliberate targeting of the forum." *Id.* at 318.

**B.    Plaintiffs Have Failed to Establish that this Court Can Exercise General Personal Jurisdiction Over Nesbit.**

Plaintiffs do not appear to aver that this Court can exercise general jurisdiction over Nesbit. Plaintiffs allege that Nesbit resides in Arizona (ECF No. 1, ¶ 7).[5]  Regardless, Plaintiffs do not contend, and cannot contend, that Nesbit is domiciled in Pennsylvania.  The exercise of general personal jurisdiction over Nesbit would, accordingly, be improper.  Decker v. Dyson, 165 F. App'x 951, 953 (3d Cir. 2006) ("Under Pennsylvania law, general jurisdiction arises over an individual, non-corporate defendant if the person's domicile or presence was in the state at the time of service of process, or there was consent to suit.")

**C.    Plaintiffs Have Failed to Establish that this Court Can Exercise Specific Personal Jurisdiction Over Nesbit.**

Plaintiffs plead no facts establishing specific personal jurisdiction over Nesbit.  Plaintiffs' personal jurisdictional allegations are limited to paragraphs ten and eleven of the Complaint (ECF No. 1, ¶¶ 10 and 11). Plaintiffs cannot satisfy the three prongs required to invoke specific jurisdiction.  *O'Connor*, 496 F.3d at 317.  Plaintiffs offer no factual allegations or evidence showing that: (i) Nesbit purposefully directed any activities toward Pennsylvania; or (ii) that Plaintiffs' claims asserted against Nesbit (Counts III-VI and IX) arise out of or relate to any Pennsylvania directed conduct by Nesbit.  And even if Plaintiffs could meet these first two prongs—which they cannot—the exercise of specific jurisdiction would still be improper because hailing Nesbit into a Pennsylvania court would not comport with the traditional notions of fair play and substantial justice.

---

[5] In the Proof of Alternative Service as to Shanell Nesbit, Plaintiffs state that Nesbit's last known address is in Pittsburgh, Pennsylvania.  (ECF No. 27 at 2).  This assertion is incorrect; Nesbit has never resided in Pennsylvania.  (Ex. 1, ¶ 2).  In any event, Plaintiffs do not allege in the Complaint that Nesbit is or was domiciled in Pennsylvania.

Turning to the first prong, Plaintiffs must establish that Nesbit "purposefully availed [herself] of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 451 (3d Cir. 2003) (quoting *Asahi Metal Indus. Co., Ltd. v. Superior Court of California*, 480 U.S. 102, 109 (1987)).

The only alleged activity directed toward Pennsylvania by Nesbit that can be gleaned from the Complaint is that Nesbit assisted in obtaining Plaintiffs' allegedly confidential information, which Plaintiffs claim was in the Western District of Pennsylvania (ECF No. 1, ¶¶ 10 and 22). Plaintiffs, however, do not plead where or how this alleged confidential information was stored in Pennsylvania. Notably, Nesbit did not have access to or ability to download or assist in "download[ing] Plaintiffs' entire T-Mobile lead database…" as alleged by the Plaintiffs. (ECF No. 1, ¶ 22; Ex. 1, ¶ 5). Nesbit did not download or access the entire T-Mobile lead database and does not currently have access to any T-Mobile lead database. (Ex. 1, ¶¶ 5-8).

It is also not clear what information Plaintiffs contend is confidential and why the information is confidential. Defendant Osma declared that any information related to the joint venture between P50 and Eyeflow was stored electronically by a third party and Osma, P50, and Service Concierge do not know where electronic information was stored (*e.g.* the location of the third party's servers, if any). (ECF No. 13-1, ¶ 7). The Plaintiffs' vague and unsupported allegations in the Complaint fail to show that Nesbit purposefully directed any conduct toward Pennsylvania, and thus Plaintiffs have not met the first prong required to establish specific personal jurisdiction.

For the second prong of the three-part test, Plaintiffs must show their claims arise out of or relate to Nesbit's contact with the forum state. The second prong of the three-part test for personal jurisdiction fails because the Plaintiffs have not identified any contact between Nesbit and the

Commonwealth from which their claims could plausibly arise.  Nesbit has never traveled to, lived in, worked in, or owned real property in the Commonwealth of Pennsylvania and did not assist in the download of the entire T-Mobile lead database. (Ex. 1, ¶¶ 2-3, 5).

Notwithstanding Plaintiffs' inability to satisfy the first two prongs of the three-part test, exercising personal jurisdiction over Nesbit would be unreasonable and would not comport with traditional notions of fair play and substantial justice.

The Supreme Court has identified several factors that courts should consider when balancing jurisdictional reasonableness. Among them are:

> [T]he burden on the defendant, the forum State's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief, the interstate [and international] judicial system's interest in obtaining the most efficient resolution of controversies . . .

*O'Connor*, 496 F.3d at 324 (quoting *Burger King*, 471 U.S. at 477).

The burden on Nesbit strongly weighs against exercising personal jurisdiction here. Plaintiffs allege only a single speculative contact tying Nesbit to Pennsylvania: that Nesbit allegedly assisted in obtaining Plaintiffs' information that was located in the Western District of Pennsylvania.  Nesbit rebuts this allegation for reasons discussed above (*See* Ex. 1, ¶¶ 5-8), but regardless, there was only one alleged contact with the Commonwealth and it was a minimal contact.  Nesbit could not have reasonably anticipated that assisting in downloading electronic information—wherever it was stored—would result in being haled into court in Pennsylvania.

This alleged attenuated single contact with Pennsylvania does not justify forcing an out-of-state defendant to litigate hundreds of miles away from where she resides.  Haling Nesbit into a Pennsylvania court would be contrary to fair play and substantial justice.

IV.    <u>**CONCLUSION**</u>

Plaintiffs have not established general or specific personal jurisdiction over Nesbit in the

Western District of Pennsylvania and Nesbit respectfully requests that the Court grant this Motion,

dismissing all asserted claims against Nesbit (Counts III-VI and IX), pursuant to Federal Rule of

Civil Procedure 12(b)(2).


Respectfully submitted,


Dated:  January 13, 2026

/s/ John D. Simmons
John D. Simmons (PA ID 202405)
Dennis J. Butler (PA ID 91564)
Ava Lutz (PA ID 332553)
PANITCH SCHWARZE BELISARIO & NADEL LLP
Delaware Corporate Center
1 Righter Parkway, Suite 220
Wilmington, DE 19803
Telephone: (302) 394-6006
Facsimile: (215) 965-1331
jsimmons@panitchlaw.com
dbutler@panitchlaw.com
alutz@panitchlaw.com

***Attorneys for Defendants Service Concierge
LLC, P50 Digital LLC, Cem Osma, Jenna
Donegan, and Shanell Nesbit***

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document has been filed electronically and is available for viewing and downloading from the Court's Electronic Case Filing System (CM/ECF). Notice of this filing will be sent by email to all counsel of record by operation of the Court's CM/ECF system.

_/s/ John D. Simmons_ _____
John D. Simmons