IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PHIL LABOON and EYEFLOW INTERNET
MARKETING LLC,

*Plaintiffs,*

v.

SERVICE CONCIERGE LLC, P50 DIGITAL
LLC, CEM OSMA, JENNA DONEGAN, and
SHANELL NESBIT,

*Defendants.*

C.A. No. 2:25-1548-MJH

**DEFENDANTS' BRIEF IN OPPOSITION TO
<u>PLAINTIFF'S MOTION TO TAX COSTS AND FEES</u>**

John D. Simmons (PA ID 202405)
Dennis J. Butler (PA ID 91564)
Ava Lutz (PA ID 332553)
PANITCH SCHWARZE BELISARIO & NADEL LLP
Delaware Corporate Center
1 Righter Parkway, Suite 220
Wilmington, DE 19803
Telephone: (302) 394-6006
Facsimile: (215) 965-1331
jsimmons@panitchlaw.com
dbutler@panitchlaw.com
alutz@panitchlaw.com

***Attorneys for Defendants Service Concierge
LLC, P50 Digital LLC, Cem Osma, Jenna
Donegan, and Shanell Nesbit***

Dated June 23, 2026

**TABLE OF CONTENTS**

I.      INTRODUCTION ................................................................................................. 1

II.     ARGUMENT ....................................................................................................... 1

        A.    Plaintiffs Have Submitted No Evidence That They Satisfied Rule 4(d)(1) ............ 2

        B.    Plaintiffs' Own Prior Filing Establishes that Defendant Nesbit Never
              Received the Waiver Packet ................................................................................... 3

        C.    Even If Plaintiffs Are Entitled to Recovery Under Rule 4(d)(2), the
              Recoverable Amount Is Substantially Less Than What Plaintiffs Seek ................. 4

III.    CONCLUSION .................................................................................................... 6

**TABLE OF CITATIONS**

**Page(s)**

**Cases**

*CC Ford Grp. W. LLC v. Johnson*,
    No. 22-4143, 2025 U.S. Dist. LEXIS 194361 (D.N.J. Oct. 1, 2025) ........................................2

*Fink v. Bishop*,
    No. 23-566, 2024 U.S. Dist. LEXIS 109626 (D.N.J. June 21, 2024)........................................4

*Graves v. Church of the Lord Jesus Christ of the Apostalic Faith, Inc.*,
    No. 02-CV-4056, 2003 U.S. Dist. LEXIS 25495 (E.D. Pa. June 20, 2003) ..............................4

*Mercedes-Benz Fin. Servs. USA LLC v. Chandler*,
    No. 19-cv-15716, 2020 U.S. Dist. LEXIS 118230 (D.N.J. July 2, 2020) .............................2, 4

*Tejada v. Delbalso*,
    No. 18-1096, 2025 U.S. Dist. LEXIS 90867 (M.D. Pa. May 13, 2025)...................................2

**Other Authorities**

28 U.S.C.A., Supplementary Practice Commentary C4-17 (Supp.1996). ......................................4

Fed. R. Civ. P. 4 Advisory Committee's Notes (1993 amendments) ..............................................4

Fed. R. Civ. P. 4(d)(1).............................................................................................................1, 2, 3, 6

Fed. R. Civ. P. 4(d)(2).........................................................................................................1, 2, 4, 5, 6

Defendants Service Concierge LLC ("Service Concierge"), P50 Digital LLC ("P50"), Cem Osma ("Osma"), Shanell Nesbit ("Nesbit"), and Jenna Donegan ("Donegan") (collectively, the "Defendants") submit the following brief in opposition to Plaintiffs' Motion to Tax Costs and Fees (the "Motion") (ECF No. 41).

## I.    INTRODUCTION

First, Plaintiffs' Motion should be denied because Plaintiffs have submitted no evidence demonstrating that they satisfied the requirements of Federal Rule of Civil Procedure 4(d)(1), and Plaintiffs must establish compliance with Rule 4(d)(1) to be entitled to any award under Rule 4(d)(2).

Second, Defendant Nesbit had good cause for failing to waive service of process because, as Plaintiffs admitted in their Revised Motion for Alternative Service (ECF No. 18), Defendant Nesbit never received the waiver packet because it was returned as undeliverable.

Third, even if the Court finds that Plaintiffs are entitled to recover under Rule 4(d)(2), the recoverable amount is substantially less than the $4,857.68 Plaintiffs are seeking.  Rule 4(d)(2) does not allow recovery of attorneys' fees incurred in effectuating service or for the expense of mailing the waiver packets.  Additionally, Plaintiffs cannot recover any of the expenses associated with serving Defendant Nesbit.  As explained below, the maximum amount that Plaintiffs could recover pursuant to Rule 4(d)(2) must be less than $1,445.

## II.    ARGUMENT

Under Federal Rule of Civil Procedure 4(d)(1) "[t]he plaintiff may notify such a defendant that an action has been commenced and request that the defendant waive service of a summons." Fed. R. Civ. P. 4(d)(1).  To request a waiver of service of process, the plaintiff's notice and request "must be in writing and addressed to the defendant" and must:

1. name the court where the complaint was filed;
2. be accompanied by a copy of the complaint, two copies of the Waiver Form appended to *Rule 4*, and a prepaid means for returning the Waiver Form;
3. inform the defendant, using the form appended to *Rule 4*, of the consequences of waiving and not waiving service;
4. state the date when the request is sent;
5. give the defendant a reasonable time of at least 30 days after the request was sent to return the waiver; and
6. be sent by first-class mail or other reliable means.

*Mercedes-Benz Fin. Servs. USA LLC v. Chandler*, No. 19-cv-15716-ES-ESK, 2020 U.S. Dist. LEXIS 118230 at *7-8 (D.N.J. July 2, 2020); Fed. R. Civ. P. 4(d)(1)(A)-(G).

Rule 4(d)(2) provides that:

> If a defendant located within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States, the court must impose on the defendant: (A) the expenses later incurred in making service; and (B) the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses.

Fed. R. Civ. P. 4(d)(2).

### A. Plaintiffs Have Submitted No Evidence That They Satisfied Rule 4(d)(1)

Plaintiffs' Motion provides no evidence to demonstrate they complied with the requirements of Rule 4(d)(1). Plaintiffs did not attach a copy of the "request-for-waiver packets" or any of the materials that were sent to Defendants, nor proof that the "request-for-waiver packets" were sent by first-class mail. Plaintiffs bear the burden of establishing compliance with Rule 4(d)(1) as a predicate to any award under Rule 4(d)(2). "Even under a liberal construction of Rule 4(d), however, a plaintiff must still demonstrate substantial compliance with the requirements prescribed under Rule 4(d)(1) to be entitled to a reimbursement of costs and expenses." *CC Ford Grp. W. LLC v. Johnson*, No. 22-4143, 2025 U.S. Dist. LEXIS 194361, at *21 (D.N.J. Oct. 1, 2025); *see also Tejada v. Delbalso*, Civ. No. 18-1096, 2025 U.S. Dist. LEXIS 90867, at *16 (M.D. Pa. May 13, 2025) (affirming an order denying the plaintiff's motion where

"[t]he evidence of record or otherwise provided by Tejada does not demonstrate that each of the requirements of Rule 4(d)(1) were met.").

Plaintiffs' Motion does not even contain a sworn declaration from counsel attesting to compliance with Rule 4(d)(1). Rather, the Motion baldly asserts that Plaintiffs "properly issued request-for-waiver packets pursuant to Rule 4(d)(1) to all Defendants" and "fully complied with Rule 4(d)(1)." (ECF No. 41 at 1, 3). The absence of any supporting evidence of compliance is grounds for denial of Plaintiffs' Motion.

Plaintiffs should not be permitted to cure this evidentiary deficiency by supplementing their Motion. Submitting their Motion without any supporting evidence was not an oversight. When Plaintiffs' initial Motion for Alternative Service (ECF No. 15) was filed without "any data from the process server on his/her service attempts or any personal addresses as to where service was attempted," the Court denied the Motion for Alternative Service without prejudice and permitted renewal upon supplementation with this information. (ECF No. 17). Plaintiffs filed the present Motion five months later with the same evidentiary deficiency and should not be permitted to cure it through supplementation.

B.     **Plaintiffs' Own Prior Filing Establishes that Defendant Nesbit Never Received the Waiver Packet**

Plaintiffs themselves have represented that Defendant Nesbit never received the waiver packet they sent to her. In their Revised Motion for Alternative Service (ECF No. 18), Plaintiffs stated:

> Plaintiff sent copies of the Complaint, Summons, Notice of Request for Waiver of Service, and related documents via Certified Mail to what was then believed . . . to be Defendant Nesbit's last known residential address . . . The mailing was postmarked October 9, 2025, and was returned by the United States Postal Service as "Undeliverable" on November 11, 2025, confirming that Defendant no longer resided at that address.

(ECF No. 18 at 4).

Accordingly, Defendant Nesbit had good cause for not signing and returning the waiver packet because she never received it.  Examples of good cause "include where the defendant did not receive the waiver request…" *Mercedes-Benz*, 2020 U.S. Dist. LEXIS 118230 at \*11 (D.N.J. July 2, 2020) (quoting *Fed. R. Civ. P. 4* Advisory Committee's Notes (1993 amendments)). Accordingly, all costs and expenses related to effectuating service on Defendant Nesbit, including the costs for Plaintiffs' Motion for Alternative Service, are not recoverable under Rule 4(d)(2).

> **C.** **Even If Plaintiffs Are Entitled to Recovery Under Rule 4(d)(2), the Recoverable Amount Is Substantially Less Than What Plaintiffs Seek**

Rule 4(d)(2) authorizes only two categories of recovery: "(A) the expenses later incurred in making service; and (B) the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses."  Fed. R. Civ. P. 4(d)(2).

Notably, attorney time spent effectuating service, such as arranging process servers, drafting service-related correspondence, filing returns of service, or pursuing alternative service motions, is not recoverable.  Courts have uniformly enforced this limitation on recovery of fees under Rule 4(d)(2).  "Attorney fees incurred in effectuating service are not recoverable. The time billed for an attorney to arrange formal service after the defendant has refused a waiver is not compensable." *Mercedes-Benz*, 2020 U.S. Dist. LEXIS 118230 at \*14 (D.N.J. July 2, 2020) (citing Fed. R. Civ. P. 4(d); 28 U.S.C.A., Supplementary Practice Commentary C4-17 at 53 (Supp.1996)); *see also Graves v. Church of the Lord Jesus Christ of the Apostalic Faith, Inc.*, Civ. No. 02-CV-4056, 2003 U.S. Dist. LEXIS 25495, at \*3 (E.D. Pa. June 20, 2003) ("Plaintiff is not entitled to be reimbursed for attorney's fees incurred as a result of time spent by Plaintiff's attorney in arranging for formal service upon Defendant Patterson after he refused a waiver."); *Fink v. Bishop*, No. 23-566, 2024 U.S. Dist. LEXIS 109626, at \*7-9 (D.N.J. June 21, 2024).

Accordingly, the majority of Plaintiffs' requested costs and expenses are not recoverable. Reviewing Plaintiffs' itemized billing summary (ECF No. 41-1), there is only one entry for attorneys' fees that could be recoverable: the entry for the time spent on December 9, 2025, for an amount of $875.00.  The description for this entry reads "Research & Draft – Motion to Tax Costs – process service to various Defendants under Fed law."  (ECF No. 41-1).  It is unclear what is meant by "process service to various Defendants under Fed law."  However, this appears to be unrelated to what was required for drafting the pending Motion (*See* ECF No. 41).  Therefore, at most, Plaintiffs could recover only a portion of the $875.00 billed on this entry as attorneys' fees under Rule 4(d)(2).

If the Court finds that Plaintiffs are entitled to recovery under Rule 4(d)(2), they would still not be entitled to the first expense line item on the billing summary.  This expense item is dated October 9, 2025; is in the amount of $60.70; and is described as a "Fee for certified mailing of complaints to all five defendants."  (ECF No. 41-1).  Rule 4(d)(2) does not provide that a plaintiff can recover the expenses of requesting waiver of service.  Rule 4(d)(2)(A) authorizes only the "expenses *later* incurred in making service" not the cost of sending the waiver packet itself.

As explained above, Plaintiffs are not entitled to recover any expenses related to serving Defendant Nesbit because Plaintiffs themselves admit that Defendant Nesbit did not receive the waiver packet.  Accordingly, Plaintiffs are not entitled to recover the last two expense line items on the billing summary, dated December 23, 2025, for $12.14 and $2.34, both of which (based on their descriptions) are postage expenses related to serving Defendant Nesbit.  (ECF No. 41-1).

Additionally, Plaintiffs should only be entitled to recover a portion of the expense line item dated November 20, 2025 for $195.00.  The description for this line item reads "Standard

- 5 -

Service – Summons & Complaint for Jenna Donegan, Shanell Nesbit." (ECF No. 41-1). Plaintiffs cannot recover expenses for effectuating service on Shanell Nesbit.

Defendants do not dispute that the other two line items for expenses, dated October 28, 2025 ($290.00) and November 6, 2025 ($85.00), would be recoverable under Rule 4(d)(2), if the Court finds that Plaintiffs satisfied Rule 4(d)(1), which together total $375.00.

Therefore, the maximum amount that could be recovered pursuant to Rule 4(d)(2) is less than $1,445 (portion of $875.00 [12/9/2025 time entry] + $375 [10/28/2025 and 11/06/2025 expense entries] + portion of $195.00 [11/20/2025 expense entry]).

## III.   CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiffs' Motion to Tax Costs and Fees (ECF No. 41) because Plaintiffs have not demonstrated that the requirements of Rule 4(d)(1) are met. In the alternative, if the Court finds that Plaintiffs are entitled to recover under Rule 4(d)(2), Defendants request that any award be less than $1,445.00, consistent with the analysis set forth in Section II.C above.

Respectfully submitted,

Dated: June 23, 2026

/s/ John D. Simmons
John D. Simmons (PA ID 202405)
Dennis J. Butler (PA ID 91564)
Ava Lutz (PA ID 332553)
PANITCH SCHWARZE BELISARIO & NADEL LLP
Delaware Corporate Center
1 Righter Parkway, Suite 220
Wilmington, DE 19803
Telephone: (302) 394-6006
Facsimile: (215) 965-1331
jsimmons@panitchlaw.com
dbutler@panitchlaw.com
alutz@panitchlaw.com

- 6 -

- 7 -

*Attorneys for Defendants Service Concierge LLC, P50 Digital LLC, Cem Osma, Jenna Donegan, and Shanell Nesbit*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document has been filed electronically and is available for viewing and downloading from the Court's Electronic Case Filing System (CM/ECF). Notice of this filing will be sent by email to all counsel of record by operation of the Court's CM/ECF system.

/s/ John D. Simmons
John D. Simmons